IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SILVINO ENRIQUEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2191-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Silvino Enriquez, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

Petitioner was convicted by a jury of aggravated sexual assault and sentenced to 10 years confinement.  His conviction and sentence were affirmed on direct appeal.  *Enriquez v. State*, No. 10-99-00155-CR (Tex. App.--Waco, Feb. 7, 2001, no pet.).  Petitioner also filed three applications for state post-conviction relief.[1]  The first application was denied without written order.  *Ex parte Enriquez*, No. 52,637-01 (Tex. Crim. App. Jun. 19, 2002).  The second application was dismissed for abuse of the writ.  *Ex parte Enriquez*, No. 52,637-04 (Tex. Crim. App. Jun. 21, 2004).  The third

---

[1] Petitioner filed a total of five applications for state post-conviction relief.  Three of those applications challenged his conviction for aggravated sexual assault.  The other two applications involved petitioner's claim to good-time credits while incarcerated.

application was dismissed in part and denied in part. *Ex parte Enriquez*, No. 52,637-05 (Tex. Crim. App. Apr. 6, 2005). Petitioner then filed this action in federal court.

II.

Although his pleadings are less than a model of clarity and difficult to decipher, it appears that petitioner challenges his state conviction on the ground of ineffective assistance of counsel. Petitioner also complains about the disposition of his latest state writ.

Respondent has filed a motion to dismiss this case on limitations grounds. Petitioner previously addressed the limitations issue in a reply filed on December 5, 2005.[2] The court now determines that all claims relating to petitioner's trial and conviction are time-barred and should be dismissed. Petitioner's claim involving the disposition of his state writ should be denied.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The court invited petitioner to file a reply "explaining why this case is not barred by limitations or why the statute of limitations should be tolled on equitable grounds." *See* Order, 11/18/05. Because petitioner did not address the limitations issue in his reply, the court ordered respondent to file an answer and a complete copy of the state court record. The court is now convinced that petitioner's ineffective assistance of counsel claim, and any other claims relating to his state conviction, are time-barred.

>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years confinement for aggravated sexual assault. The court of appeals affirmed his conviction on February 7, 2001. Petitioner did not file a motion for rehearing or seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter on March 9, 2001. *See* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed three applications for state post-conviction relief challenging his aggravated sexual assault conviction. The first application was filed on April 24, 2002 and denied on June 19, 2002. The second application was filed on February 27, 2004 and dismissed on June 21, 2004. The third application was filed on November 29, 2004 and denied on April 6, 2005. Petitioner filed this action in federal court on October 3, 2005.

The AEDPA statute of limitations started to run on March 9, 2001 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than one year before seeking post-conviction relief in state or federal court. In his reply, petitioner makes a number of unintelligible procedural objections, challenges the propriety of raising the limitations issue *sua sponte*, and argues that the court is required to consider his claims on the merits. However, no explanation is offered to justify the delay in seeking post-conviction relief. The court therefore concludes that all claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed.

C.

Petitioner also complains about the disposition of his latest state writ. This claim, which did not accrue until the writ was dismissed in part and denied in part on April 6, 2005, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed on limitations grounds. Petitioner's claim involving the disposition of his state writ should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE